IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AAYAN NAIM BEY | ) | CASE NO. 3:09CV2916 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| JUDGE CHARLES J. DONEGHY | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Aayan Naim Bey brings this action for violation of his constitutional rights. against defendant Lucas County, Ohio Common Pleas Court Judge Charles J. Doneghy.[1] He includes in his complaint 18 U.S.C. §§ 241, 242 which pertain to conspiracy to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right secured to him by the constitution or laws of the United States and deprivation of constitutional rights on account of a person being an alien, or by reason of his color or race. As near as can be discerned, plaintiff contends that he should "receive the liberties and protections inherent to me through birthright, Indigenous Aboriginal, Nationality Moorish/American and national status AA221 141," and that criminal charges against him be dismissed. He also wants all of his property returned, damages in the amount of $5,000,000.00 and an order restraining the Lucas County Common Pleas Court from sentencing him on December 17, 2009 until the matter is resolved by the federal court.[2]

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

---

[1] Plaintiff did not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).

[2] The complaint was filed on December 16, 2009.

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

The defendant is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett*, 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). There are no facts alleged reasonably suggesting defendant acted outside the scope of his official duties. Judge Doneghy was definitely acting within the scope of his official duties in presiding over plaintiff's court case.

Apparently plaintiff has been convicted of a crime. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06

(1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also*, *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

This Federal Court cannot act as a court of appeals as to state court decisions even though plaintiff has alleged that the state court decision was unconstitutional. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Of course, a criminal defendant must exhaust all of his state court remedies before filing a habeas action in federal court. *Rose v. Lundy*, 455 U.S.

509 (1982).

Accordingly, plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

S/ JUDGE JAMES G. CARR
UNITED STATES DISTRICT JUDGE